IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL DUANE MARLIN
#08387-003,

    Plaintiff

v.

Case No. 2:05CV00017 JLH/JFF

J. JIMENEZ, et al.,

    Defendants

## PARTIAL RECOMMENDED DISPOSITION

Plaintiff filed this action on January 20, 2005 (docket entry #1). The undersigned issued a Partial Recommended Disposition on March 21, 2005 (docket entry #11) recommending that Plaintiff's Motion requesting immediate medical care (docket entry #7), and his Motion for Immediate Injunction (docket entry #8) be denied. In the first motion, Plaintiff requested that the prison be ordered to send him for evaluation by outside medical specialists in orthopedics and ear, nose and throat ("ENT") for consultations that he states have not been approved by Dr. Prince, the prison physician. In his second motion, Plaintiff requested an injunction to prevent his transfer from the F.C.I. Forrest City where he is housed, and an injunction prohibiting prison officials from retaliating against him for filing this lawsuit. The Partial Recommended Disposition was adopted by the Court on April 11, 2005 (docket entry #38).

During the time period that the Partial Recommended Disposition was pending Plaintiff filed various additional motions requesting injunctive relief. Currently pending is Plaintiff's Motions for Medical Treatment (docket entry #16 and #27) in which Plaintiff requests that the Court order a specialist in the field of orthopedics to examine his back, left knee and left foot and that an ENT doctor be ordered to evaluate him. He has also added a request to see a cardiologist.

1

Plaintiff states he may have Meniere's disease, although there is no support for his assertion. He filed a Declaration in support (docket entry #28) in which he states that Dr. Prince is not treating his complications, and she has refused to refill his sinus medication. He submitted with one motion (docket entry #27) various grievance materials. The Court notes that Plaintiff's previous Motion for Immediate Medical Care (docket entry #7) to obtain treatment by outside specialists was denied by the District Court on April 11, 2005, upon the undersigned's Partial Recommended Disposition (docket entry #38). Thus, the Court recommends that these pending motions (docket entry #16 and #27) be DENIED.

Also pending is a pleading entitled "Update" that has been docketed by the Clerk as motion requesting injunctive relief (docket entry #17). In the motion, Plaintiff alleges: (1) the Defendants are making verbal contracts and refusing to honor the contract; (2) he had an infirmary appointment for March 15, 2005 and all medical personnel were not present; (3) the unit team move him to an isolated room with dangerous conditions and no desk to write on; (4) on February 11, 2005 his medications, crutches and personal hygiene items were confiscated and returned on March 14, 2005; (5) the administration refuses to answer a BP81/2; (6) Dube-Gilley refused to copy papers for Plaintiff's lawyer and to allow an unmonitored phone call; (7) health services has refused to provide him with medical care. Plaintiff requests that the Court intervene and use its power to halt all "malevolent actions." The Court notes that the District Court previously denied Plaintiff's Motion for Immediate Medical Care (docket entry #7) and Motion for an Immediate Injunction (docket entry #8). The pending motion appears to have been a "update" to the Court in support of the motions (docket entry #7-8) that were previously denied by the district court. Plaintiff has provided a basis for the Court to award him injunctive relief. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Thus, the undersigned recommends that the pending motion (docket entry #17) be DENIED.

Also pending is a Motion for Reconsideration (docket entry #40) asking the Court to reconsider the undersigned's prior Partial Recommended Disposition that was adopted by the District Court on April 11, 2005 denying Plaintiff's Motion for Medical Care (docket entry #7). When the Partial Recommended Disposition issued on March 21, 2005, Plaintiff was advised that he had 11 days in which to file objections with the district court (docket entry #11). Plaintiff filed his objections on March 31, 2005 (docket entry #31). In the pending motion, Plaintiff states that he has a documented inner ear problem, and that he fell on April 10, 2005 after getting dizzy. He states the fall injured his back, neck, left hip and knee. Plaintiff asserts that he was taken to an outside emergency room, and the doctor recommended that Plaintiff see a ENT doctor and an orthopedic doctor. Based upon this April emergency room visit, Plaintiff renews his request that the Court order him to be evaluated by outside specialists. Plaintiff states that he is fearful that the inner ear complication may be Meniere's disease, although he provides no basis for his speculation other than he believes he has several of the symptoms of the disease. In another Motion for Immediate Medical Care (docket entry #57), he makes similar allegations, and states that if he does not see an ENT doctor he fears that there "is most probably a long term consequence, deafness."

From the material submitted with the Complaint, it appears that Plaintiff has been diagnosed with degenerative joint disease, and that prison officials have been attempting a conservative course of treatment with which Plaintiff is not satisfied. There does not appear to be any grievance materials concerning inner ear complications. These new allegations concerning inner ear trouble and new injuries from a fall, which are not a part of the Complaint, cannot provide the basis for injunctive relief. Moreover, at this point, Plaintiff's allegations amount to a disagreement with his diagnosis and the course of his treatment. Plaintiff is unhappy that the prison officials have refused to refer him to a specialist or implement his requested

3

course of treatment. Prison physicians are allowed to exercise their professional medical judgment, and are not required to provide a course of treatment at the inmate's request. *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (prison doctor remains free to exercise his or her professional judgment and an inmate is not entitled to any particular course of treatment); *See Czajka v. Caspari*, 995 F.2d 870 (8th Cir. 1993) (rejecting argument that treating physician was bound by opinion of another physician that surgery was required where treating doctor had final authority and evidence did not show decision to delay surgery deviated from professional standards). The undersigned recommends that the Motion for Reconsideration (docket entry #40) and Motion for Immediate Medical Care (docket entry #57) be DENIED.

Also pending are three motions concerning alleged retaliatory acts (docket entry #43-45). Plaintiff alleges that he was placed on convalescence after his April 20, 2005 fall and that Prince and Dube-Gilley conspired to rescind convalescence and ordered him back to work to job where his only responsibility is to "sit in a chair all day and do nothing" which hurts his knees, back, and hip that were injured in his April fall. Plaintiff states that dizzy spells have been causing him problems for months. He also states that the unit is not following safety regulations. The motions are another request that he be ordered to see an outside specialist, and the undersigned recommends that each be DENIED (docket entry #43-45).

In another two motions (docket entry #48 and #52), Plaintiff makes the same request: that the Court enter an order that he *not* be transferred to another facility until this case is heard. Plaintiff fears that he *may* be transferred to a strict level institution as a result of filing this lawsuit. The United States has responded (docket entry #51). Plaintiff has now filed a total of three motions making this same request. The Court denied the first such request by Mr. Marlin in its previous Order adopting the undersigned's Partial Recommended Disposition (docket entry #38). The undersigned recommends that the motions be DENIED (docket entry #48 and #52),

4

and notes that the act of filing duplicate motions serves no positive purpose and only clutters the Court's docket.

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Motions for Medical Treatment (docket entries #16, #27) be DENIED.

2. Plaintiff's Motion for Reconsideration (docket entry #40) be DENIED.

3. Plaintiff's Motions concerning retaliatory treatment be DENIED (docket entries #43, #44, #45).

4. Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order be DENIED (docket entry #17, #48 and #52) be DENIED.

DATED this 20th day of June, 2005.

MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT



# United States District Court

EASTERN DISTRICT OF ARKANSAS
U.S. COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 553
LITTLE ROCK, ARKANSAS 72201-3325

JOHN F. FORSTER, JR.
UNITED STATES
MAGISTRATE JUDGE

(501) 604-5190
FAX (501) 604-5378

June 21, 2005

Mr. Michael Duane Marlin
Reg. #08387-003
P.O. Box 9000
Forrest City, AR 72336

     RE: <u>Marline v. Jimenez</u>
          Case No. 2:05CV00017JLH/JFF

Dear Mr. Marlin:

    Attached is a Recommended Disposition which has been prepared by this office and submitted to United States District Judge J. Leon Holmes.

    Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. An original and one copy of your objections must be received by the United States District Court Clerk no later than eleven (11) days from the date of this letter. The copy will be furnished to the opposing party. Failure to file timely objections may result in wavier of the rights to appeal questions of fact.

    If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing, if any, before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

Michael Duane Marlin
June 20, 2005
Page 2

------------------------------

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>	Clerk, United States District Court
>	Eastern District of Arkansas
>	600 West Capitol, Suite 402
>	Little Rock, AR     72201

	Sincerely,

	/s/ JOHN F. FORSTER, JR.

	John F. Forster, Jr
	United States
	Magistrate Judge

JFFjr:pq
Enclosure

cc: The Honorable J. Leon Holmes, United States District Judge
    Gwendolyn Dewees Hodge, U. S. Attorney's Office
    File