IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL DUANE MARLIN** <br> **#08387-003,** | * <br> * <br> * | |
| Plaintiff | * <br> * | |
| v. | * <br> * | Case No. 2:05CV00017 JLH/JFF |
| **J. JIMENEZ,** *et al.*, | * <br> * | |
| Defendants | * | |

### ORDER

Pending before the Court is Plaintiff's Motion to Strike the district court's order adopting the undersigned's Recommended Disposition (docket entry #86), and for an examination of his objections. The motion will be DENIED.

Also pending is Plaintiff's Motion to Stay Proceedings (docket entry #103), and his subsequently filed Motion to Lift Stay of Proceedings (docket entry #107). The motions will be DENIED.

Plaintiff has filed a Motion for Judgment in which he asserts that Defendants have failed to abide by the Rules of Civil Procedure (docket entry #118). The motion will be DENIED.

Also pending is Plaintiff's Motion for an Extension of Time to Respond to Defendants' Motion to Dismiss or Alternative Motion Summary Judgment and Brief in Support (docket entry #87) that was filed in July 2005. Plaintiff's Motion will be GRANTED. However, the Plaintiff has had more than adequate time to formulate his response to Defendants' Motion that was filed in late July. Accordingly, if Plaintiff intends to proceed with this action he must file his response on or before Monday, December 5, 2005. The Clerk of the Court is directed to send Plaintiff copies of

1

docket entry #74-76.

Plaintiff's Motion to Strike Defendants' Memorandum in Support of Motion to Dismiss or Alternative Motion for Summary Judgment (docket entry #98) will be DENIED.

Also pending is Plaintiff's Motion for Appointment of Counsel (docket entry #90). It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  However, a court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322  (8th Cir. 1986).  In making this determination, a court must weigh and consider the following factors:  (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id*. at 1322-23.  "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Id*. at 1323.  Plaintiff has alleged an Eighth Amendment claim, and the law in this area is established.  The Court does not believe that the case is factually or legally complex.  Moreover, there is no support for the finding that the Plaintiff has been unable to investigate the facts surrounding his case or that he will be unable to present his claims to the Court.  Although Plaintiff believes that he is disadvantaged due to his lack of legal knowledge and the fact that he is incarcerated, the Court is not convinced that the appointment of counsel is warranted.  The Court concludes that he is capable of prosecuting his claims without appointed counsel.  Accordingly, Plaintiff's Motion for Appointment of Counsel (docket entry #90) will be DENIED.

Defendants' Motion to Substitute Declarations will be GRANTED (docket entry #85).

Also pending is Plaintiff's Motion to Add Counts to Civil Complaint (docket entry #82) in which he makes generalized allegations about the grievance process that have apparently occurred since the filing of the original. The motion will be DENIED (docket entry #82).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Strike (docket entry #86) is DENIED.

2. Motion to Stay Proceedings (docket entry #103), and his subsequently filed Motion to Lift Stay of Proceedings (docket entry #107) is DENIED.

3. Plaintiff's Motion for Judgment is (docket entry #118) DENIED.

4. Plaintiff's Motion for an Extension of Time to Respond to Defendants' Motion to Dismiss or Alternative Motion Summary Judgment and Brief in Support (docket entry #87) is GRANTED. However, the Plaintiff has had more than adequate time to formulate his response to Defendants' Motion that was filed in late July. Accordingly, if Plaintiff intends to proceed with this action he must file his response on or before Monday, December 5, 2005. The Clerk of the Court is directed to send Plaintiff copies of docket entry #74-76.

5. Plaintiff's Motion to Strike Defendants' Memorandum in Support of Motion to Dismiss or Alternative Motion for Summary Judgment (docket entry #98) is DENIED.

6. Plaintiff's Motion for Appointment of Counsel (docket entry #90) is DENIED.

7. Defendants' Motion to Substitute Declarations is GRANTED (docket entry #85).

8. Plaintiff's Motion to Add Counts to Civil Complaint (docket entry #82) is DENIED.

DATED this 18th day of November, 2005.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT